IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

TINA RENEE BAIREFOOT, et al.,

                   Plaintiffs,

          v.

CITY OF BEAUFORT, SOUTH CAROLINA;

TOWN OF BLUFFTON, SOUTH CAROLINA,

                   Defendants.

Civil Action No. 9:17-2759-RMG

## COURT ORDER

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  DEFINITIONS ................................................................................................... 2

III.   MUTUAL RECOGNITION OF PRINCIPLES .......................................... 2

IV. POLICIES AND PRACTICES ........................................................................ 2

V.  PUBLICATION AND DISSEMINATION OF PROCEDURES ........................... 6

VI. TRAINING ........................................................................................................ 7

VII.   PAYMENTS, ATTORNEY FEES, COSTS ....................................... 8

VIII.   TERM, EFFECT, MONITORING, COMPLIANCE, AND ENFORCEMENT ......... 9

IX. RELEASE OF CLAIMS .................................................................................... 10

X.  ADDITIONAL TERMS ...................................................................................... 11

The Parties in this matter – Defendants City of Beaufort, South Carolina, Town of Bluffton, South Carolina, ("Municipalities"), and Plaintiffs Tina Renee Bairefoot, Dae'Quandrea Trevell Nelson, and Nathan Lee Fox (collectively, "Plaintiffs") – have reached a Settlement Agreement ("Settlement" or "Agreement") in this matter. The Parties have asked the Court to enter an order approving and incorporating their Settlement as more fully detailed herein. With the benefit of the Parties' agreement together with the record as a whole, the Court approves the Settlement and related Exhibits, incorporates the parties' proposed settlement into this order, and will retain jurisdiction over this matter for purposes of enforcing this Order.

## I.     INTRODUCTION

1. Each of the named Plaintiffs allege that they were prosecuted, convicted and incarcerated in the Beaufort County Detention Center—Plaintiff Tina Bairefoot for 16 days, Plaintiff Dae'Quandrea Nelson for 14 days, and Plaintiff Nathan Fox for 39 days—without being provided court-appointed counsel as indigent people facing incarceration upon conviction of a crime and were not informed of their right to counsel prior to receiving a sentence of incarceration (the "Incidents").

2. Plaintiffs Bairefoot, Nelson, and Fox filed a Complaint on October 12, 2017 in the United States District Court for the District of South Carolina (the "Court"), commencing a proposed class action lawsuit entitled Bairefoot v. City of Beaufort, Case No. 9:17-2759-RMG (D.S.C.) (the "Lawsuit"), against Defendants City of Beaufort and Town of Bluffton, which sought declaratory and injunctive relief on behalf of the proposed Class and compensatory damages for the named Plaintiffs, and alleges violations of several constitutional rights of the Plaintiffs and proposed Class members, including the right to counsel under the Sixth Amendment and the right to due process and equal protection of the law under the Fourteenth Amendment to the U.S. Constitution, as a result of alleged policies, practices, and customs of the Municipalities that Plaintiffs maintain exhibited deliberate indifference to the rights of Plaintiffs and proposed Class members and directly led to the unconstitutional sentences of incarceration imposed upon Plaintiffs and other proposed Class members.

3. On May 16, 2018, the Court denied Defendant's Motion to Dismiss Plaintiff's Complaint under F.R.C.P. 12(b)(6).

4. Following mediation before the Honorable Patrick Michael Duffy, the Parties hereby agree to resolve all Claims brought in and to settle the Lawsuit. Upon entry of this Order approving and incorporating the Parties' Settlement and retaining jurisdiction, the Lawsuit shall be dismissed with prejudice as to Defendants.

5. The Court recognizes that the Settlement Agreement between the parties does not constitute an admission by Defendants of a violation of any federal, state, or local laws, or any admission of any wrongdoing whatsoever, that the Settlement Agreement is a compromise of a real or potential dispute and that the promises of Defendants are not to be construed as an admission of liability, but rather that liability is expressly denied.

1

## II.     DEFINITIONS

The Court hereby incorporates by reference the Definitions as set forth in the Section III of the Settlement.

## III.    MUTUAL RECOGNITION OF PRINCIPLES

The Court hereby adopts the following Mutual Recognition of Principles as agreed to by the Parties and as set forth in Section IV of the Settlement:

1. The Municipalities and their agents and employees shall not deprive Indigent people facing prosecution in their Municipal Courts of the right to counsel. As such, no Indigent person shall be charged with criminal, non-criminal traffic, or ordinance violations that carry the possibility of a Sentence of Incarceration without being advised of their right to counsel and provided with such Counsel unless the individual defendant knowingly, voluntarily, and intelligently waives such right.

2. It is contrary to the principles of due process and equal treatment enshrined in the Constitution of South Carolina and the U.S. Constitution to deprive people of their constitutional rights simply because they are indigent.

## IV.    POLICIES AND PRACTICES

The Court hereby adopts and incorporates into this order the following Policies and Practices as agreed to by the Parties and set forth in Section V of the Settlement:

1. Within thirty (30) days of the Effective Date, the Municipalities agree to implement the following changes to their policies and practices in Municipal Courts:

i. An Indigent person has a right to court-appointed representation by Counsel in all proceedings concerning criminal, non-criminal traffic, or ordinance violations that may be punishable by a Sentence of Incarceration, whether that incarceration is immediate, for time served, or suspended, and regardless of denomination as misdemeanors, municipal offenses, or traffic offenses, and regardless of whether a uniform traffic ticket or custodial arrest initiated the case.

ii. The Municipalities and their agents and employees, shall appoint Counsel to every Indigent defendant facing charges that carry the possibility of a Sentence of Incarceration. Counsel shall be appointed unless, upon being advised of the right to counsel, an Indigent defendant knowingly and intelligently waives such right. Indigent defendants are those that meet the requisite financial qualifications under South Carolina state law or court rules. The Municipalities shall ensure that any application Fee for Counsel is waived or reduced from the outset for Indigent defendants who cannot pay to apply for court appointed counsel. The Municipalities may use the Financial Status Affidavit attached as Exhibit A in the Settlement to determine whether a defendant is eligible for appointed counsel pursuant to S.C. Code § 17-3-30 and South Carolina

2

Criminal Rule 602 (Defense of Indigents) unless or until a revised Financial Status Affidavit is adopted.

iii. The Municipalities shall enter into a contract with the Beaufort County Public Defender Office in the 14th Judicial Circuit to provide Indigent defense in their Municipal Courts. The Municipalities' contract with the Public Defender Office will ensure that Indigent defendants facing charges that carry the possibility of a Sentence of Incarceration in their Municipal Courts will have appointed Counsel present at every stage of the legal proceedings, including first appearance, motion hearings, trial, sentencing, show cause hearings and other post-sentencing proceedings. Where a conflict exists as to the Public Defender providing representation in a given case, the Municipalities shall appoint Counsel other than the Public Defender. This section adopts by incorporation the terms of the prospective Tupper/Bush Orders discussed further in Paragraph IV(1)(xi).

iv. The Municipalities shall appropriate sufficient funding to engage the Public Defender Office for the delivery of legal services to Indigent defendants according to terms set forth in an annual contract between the Municipalities and the Public Defender Office, which shall include, among other things, costs related to representation, including an investigator, administrator, and funds to hire social workers and experts when appropriate (the "Public Defender Contract"). The terms of the Public Defender Contract shall ensure that no Public Defender is assigned more than 400 cases per calendar year. Traffic offenses shall not count towards the case limit unless a defendant faces the possibility of a Sentence of Incarceration. For purposes of tracking Public Defender caseloads, cases will be counted by case number, not by the number of charged offenses.

v. The Municipalities and the Public Defender Office will provide a draft of the annual Public Defender Contract to Plaintiffs for input for the duration of the Monitoring Period as defined herein in Section XI of the Agreement. Such terms shall include the process for appointment of Counsel for all Indigent defendants eligible for the appointment of Counsel.

vi. The Municipalities will provide written notice as well as oral advisement of the right to counsel to every person charged with an offense that carries with it the possibility of a Sentence of Incarceration. When each person charged with an offense that carries the possibility of a Sentence of Incarceration stands before the court when their case is called, whether at the initial appearance for defendants summoned to court or at the bond hearing for defendants detained upon arrest, the Municipalities, referencing the earlier advisement, will require the court to ask each defendant whether they want a lawyer. The Municipalities may use either of the Advisement of Rights attached as Exhibit B and C to the Settlement unless or until the Office of Court Administration promulgates a revised Advisement of Rights.

vii. The Municipalities will ensure that when any individual who indicates a preference to proceed without Counsel at any proceeding at which Counsel is required, there is a determination on the record whether the waiver of the right to counsel has been made voluntarily, intelligently, and with full knowledge of the direct and collateral

consequences. As part of the determination on the record, the Municipalities will ensure—through the issuance of a directive to its agents and employees—that when any individual who has indicated a preference to proceed without Counsel at any proceeding at which Counsel is required, a colloquy must be conducted with the defendant about the pending charge(s), maximum sentence(s), and potential collateral consequence(s) of a conviction. A defendant who waives their right to counsel upon advisement may assert their right to counsel at any subsequent point during the pendency of their case. The Municipalities may use either of the Waiver of Rights Forms attached as Exhibit D and E to the Settlement unless or until Office of Court Administration promulgates a revised Waiver of Rights.

viii. If and when there is a revised set of forms from the South Carolina Office of Court Administration regarding Advisement of Rights, Financial Status, Waiver of Rights, or Ability to Pay, the Municipalities shall use such forms and will incorporate such forms into the Tupper/Bush Orders. Until then, the Parties agree to use the Forms attached as Exhibits A-F to the Settlement.

ix. Trials in Absentia without Counsel are strongly disfavored by federal and South Carolina courts. Waiver of the right to counsel and the right to be present at trial requires adequate advisement and notice on the part of the court, and willful action on the part of the defendant. A defendant does not waive his or her right to counsel and right to be present at his or her trial, and therefore cannot be Tried in Absentia, simply due to a failure to appear absent additional advisement or notice by the Municipalities, including when the defendant has previously been present in court for appearances on the same matter. Each defendant must, at minimum, receive actual notice of the right to counsel and to be present in court when a trial date is set, including at a bond hearing, and must receive actual notice of future court appearances, including the trial date. If a defendant who received actual notice does not appear for trial, and the Municipal Court has determined that the defendant is not in custody, a warrant shall issue and, upon arrest or appearance, a bond hearing shall be conducted as soon as practicable and the individual's counsel shall be notified.[1] If the individual is Indigent and does not have Counsel, the individual shall be advised of his or her right to counsel and, if the Indigent individual requests Counsel, Counsel shall be appointed. The Municipalities shall not conduct any trial or sentencing proceedings without the defendant in court when that defendant is facing charges that carry the possibility of a Sentence of Incarceration. If and when there is explicit guidance from the Chief Justice of the South Carolina Supreme Court and/or the Office of Court Administration regarding Trials in Absentia, the Municipalities will incorporate such guidance into this Agreement and conform their practices accordingly.

x. For any Indigent defendant arrested and detained pretrial, Counsel shall be provided to them at the bond hearing or as soon as practicable after the bond hearing, and thereafter if the defendant remains detained. This section incorporates by reference the terms of the

---

[1] For defendants who are in custody, the Municipal Court shall reschedule the court appearance and provide notice to the defendant in the facility in which the defendant is incarcerated.

4

Municipalities' joint contract with the Public Defender Office, referenced above in Paragraph IV(1)(iii) and (iv).

xi.   Pursuant to the written directives from Beaufort Presiding Judge Ralph E. Tupper and Bluffton Presiding Judge Clifford Bush III (hereinafter the "Tupper Order" and the "Bush Order," respectively) issued to all Municipal Court judges, and as the official policy for the Municipalities: for any Indigent defendant, whether in or out of custody, who may face the possibility of a Sentence of Incarceration, the Municipalities, and their agents and employees, shall (1) provide notice to the defendant at the initial appearance (if summoned to court) or at the bond hearing (if detained upon arrest) of the potential Sentence of Incarceration; (2) provide written as well as oral advisement to the defendant of their right to counsel (consistent with Paragraph IV(1)(vi) of this Agreement); (3) upon request, provide the Indigent defendant with Counsel; (4) continue the defendant's case for 30 days to allow Counsel to begin representation of the defendant and (5) never impose a Sentence of Incarceration on any defendant at their first appearance. Only when the Municipal Court judge makes a finding on the record that a defendant will not receive a Sentence of Incarceration shall the Municipalities have the option of not appointing Counsel to an Indigent defendant.

xii.   At the time of imposition of any Monetary Penalty, a Municipal Court or its staff shall assess an individual's Ability to Pay any Fines, Fees, and Restitution imposed for an offense. Upon this assessment, if the Municipal Court or its staff determines that a defendant is unable to currently pay the Monetary Penalty, the court may either (1) consider alternatives to imposing the full Monetary Penalty, including a reduction in Fines or Fees, a waiver or suspension of Fines or Fees, community service, completion of a program (job skills, drug treatment, etc.), or any other disposition deemed just and appropriate in the discretion of the Municipal Court, pursuant to applicable law; (2) offer an extension of the amount of time to pay; or (3) offer an installment payment agreement, necessary and sufficient to fit the individual's financial circumstances. If a Municipal Court offers an extension or an installment payment agreement and, thereafter, upon assessment the court finds that the individual is still unable to pay the Monetary Penalty, the court shall, pursuant to applicable law, consider alternatives to imposing the full Fine, Fee, or Restitution, including a reduction in Fines or Fees, a waiver or suspension of Fines or Fees, community service, completion of a program (job skills, drug treatment, etc.), or any other disposition deemed just and appropriate, in the discretion of the Municipal Court. The Municipalities will use the Ability to Pay Form attached as Exhibit F to the Settlement unless or until Office of Court Administration promulgates a revised Ability to Pay form.

xiii.   The Municipalities will provide solicitors in Municipal Courts to prosecute charges that carry the possibility of a Sentence of Incarceration when requested by the Police Department.

xiv.   The Municipalities will submit a letter to Chief Justice Beatty of the South Carolina Supreme Court requesting that all municipalities in the State of South Carolina be given

the authority to implement and oversee pretrial diversion programs through their municipal courts.

xv.     The Municipalities will ensure, through the issuance of a directive to its agents and employees, that at the bail hearing for every individual facing charges in Municipal Court, the presumption shall be release upon recognizance.

xvi.    The Parties agree to work with the Public Defender Office, Beaufort County Magistrate Courts and Beaufort County in the collective effort and goal to provide Counsel for Indigent defendants at their initial bond hearing as soon as this can be accomplished.

xvii.   The Municipalities will collect, document, and report to Plaintiffs data from their Municipal Courts specifically requested by Plaintiffs every month from the Effective Date of this Agreement until the end of this Agreement. The data will be provided to Plaintiffs in electronic format. See Section X(5) of this Agreement for a summary of the data to be collected, documented, and reported by the Municipalities to Plaintiffs.

xviii.  All Municipal Court proceedings shall be audio recorded. Municipal Courts shall ensure that advisement of the right to counsel, colloquies concerning waiver of the right to counsel, trials, and sentencings, are audio recorded and that records are retained for a minimum of three years from the date of the recording.

xix.    The Municipalities will invite the Town of Port Royal to become a party to the Public Defender Contract.

xx.     Upon the execution of this Agreement, the Municipalities shall release from the Beaufort County Detention Center any individual who is serving a Sentence of Incarceration imposed in the absence of counsel and valid waiver.

## V.     PUBLICATION AND DISSEMINATION OF PROCEDURES

1.  Within thirty (30) days of the Effective Date, the Municipalities shall publish and disseminate all policies, procedures, and guidelines promulgated to effect this Agreement to all personnel involved in the appointment and provision of Indigent defense in their Municipal Courts, and the sentencing of Indigent defendants, including: Municipal Court judges; court clerks; solicitors/prosecutors; Public Defenders; other Counsel appointed to represent Indigent defendants in Municipal Court proceedings; and Beaufort County corrections officers and staff.

2.  The Municipalities shall make available to the public an easy-to-understand explanation of the individual rights and procedures concerning the provision of Indigent defense in their Municipal Courts. The explanation shall be written in easy-to-understand language and shall be provided to all defendants in Municipal Court and made available to members of the public who come to Municipal Court.

3. The Municipalities shall ensure that all Municipal Court web pages explain to the public, in accessible and easy-to-understand language, the individual rights and procedures concerning the provision of Indigent defense.

   i. This shall include revisions to the following webpages and any new webpages that may be created during the period in which this Agreement is in effect:

      a) https://www.cityofbeaufort.org/218/Municipal-Court

      b) https://www.townofbluffton.sc.gov/municipal-court-department/home

      c) https://www.bcgov.net/departments/Public-Safety/detention-center/index.php

   ii. The Municipalities shall revise the aforementioned web pages to include at least the following information using a format and language that is easily understood.

      a) A plain language description of the rights of defendants that relate to the right to counsel and the provision of Indigent defense:

         1. The right of Indigent people to representation by court-appointed Counsel, at no cost to defendant, when facing charges that carry the possibility of a Sentence of Incarceration.

      b) Notice of the procedure for requesting counsel and a continuance of a court date in order that Counsel be appointed.

      c) Rules and procedures of Municipal Courts relating to Indigent defense.

## VI.   TRAINING

1. **General.** The Municipalities and Plaintiffs will work together to ensure that Municipal Courts (Municipals and court clerks), all Public Defenders, police officers who appear in Municipal Court, and Beaufort County Detention Center employees who may process requests for counsel, shall participate in training on issues as set forth below, including by incorporating these issues into the trainings provided by the Office of Court Administration.

2. **Right to Counsel.** The Municipal Courts and their personnel, Public Defenders, and police officers who appear in Municipal Court, and Beaufort County Detention Center employees who may process requests for counsel, shall attend periodic trainings on issues related to the right to counsel. The first such training shall occur within two (2) months of the Effective Date. Thereafter, training shall be consistent with the training schedules of the Office of Court Administration, the Municipalities, and the Public Defender Office. Copies of all training materials shall be made available to all new Municipal Court judges within their first month of taking office and to all new Municipal Court, Public Defender

Office, and Police Department personnel within their first month of employment. The trainings shall address at least the following topics:

a. Critical stages of proceedings requiring the appointment of counsel as set forth in: *Argersinger v. Hamlin*, 407 U.S. 25, 40 (1972); *Scott v. Illinois*, 440 U.S. 367, 373 (1979); *Alabama v. Shelton*, 535 U.S. 654, 674 (2002); and *Turner v. Rogers*, 564 U.S. 431, 441 (2011) (citing *United States v. Dixon*, 509 U.S. 688, 696 (1993), and *Cooke v. United States*, 267 U.S. 517, 537 (1925));

b. The right of Indigent people to Counsel when facing incarceration (immediate, suspended, or time served);

c. Standards and procedures for appointing Counsel to represent Indigent defendants, including reduction or waiver of any application Fee to enable defendants who cannot pay for counsel to apply for representation by court-appointed Counsel as early as possible in the case;

d. Standards for evaluating the validity of a waiver of the right to counsel;

e. The procedures for promptly bringing an individual arrested on a Municipal Court failure-to-appear warrant promptly to the Municipal Court for a bond hearing; and

f. The procedures for releasing an individual arrested on a Municipal Court failure-to-appear warrant on an appearance bond if the arrestee cannot be brought before the Municipal Court on the next business day or as soon as practicable.

## VII.    PAYMENTS, ATTORNEY FEES, COSTS

The Court hereby incorporates the following provisions regarding Payments, Attorneys Fees, and Costs as agreed to by the Parties and set forth in Section IX of the Settlement.

1. In full and complete satisfaction, compromise, and settlement of the Plaintiffs' claims for damages, attorneys' fees and expenses, the Municipalities have agreed, in addition to promulgating the policies and procedures stated in this Agreement and attached as Exhibits "A-F", to pay a one-time, total sum of Two Hundred Fifty Thousand and no/100ths Dollars ($250,000.00) for all damages, attorneys' fees and expenses (the "Settlement Sum"). The Municipalities will deliver the Settlement Sum by one or more checks in the total amount of the Settlement Sum made payable to "The American Civil Liberties Union Foundation, Inc." Said checks will be delivered by overnight mail to Plaintiffs' attorney, Ezekiel R. Edwards, at the ACLU, 125 Broad Street, 18th Floor, New York, New York, 10004, within thirty (30) business days after the Effective Date of this Agreement.

2. The payment of the Settlement Sum is the entire and only monetary consideration for this Agreement. Each Defendant shall likewise be responsible for its own attorneys' fees and legal expenses in connection with the Incidents and the Lawsuit.

8

### VIII.   TERM, EFFECT, MONITORING, COMPLIANCE, AND ENFORCEMENT

The Court hereby incorporates the following provisions regarding Term, Effect, Monitoring, Compliance, and Enforcement as agreed to by the Parties and set forth in Section X of the Settlement.

### 1.   Duration of the Settlement

Unless otherwise stated, the Municipalities shall comply with the terms of this Agreement for four (4) years following the Effective Date. The Lawsuit shall be considered closed on the Effective Date.

### 2.   Compliance

i. To achieve compliance with this Agreement, the Municipalities must demonstrate that they have:

   a.   incorporated all substantive requirements of this Agreement into policy;

   b.   appropriated sufficient funds to ensure that such requirements are met;

   c.   hired and trained relevant personnel as necessary to fulfill their responsibilities pursuant to the requirements.

### 3.   Enforcement

i. For a period of four (4) years following the Effective Date, the United States District Court for the District of South Carolina shall retain jurisdiction over the Lawsuit to enforce the terms of this Agreement and the Parties' obligations hereunder and to oversee all matters that relate to the performance of this Agreement. As such, the Parties shall be and remain subject to the jurisdiction of this court for purposes of the enforcement of such settlement agreement and subject to the contempt powers of this court in the event of a violation thereof, and in dismissing the suit, the court approved this stipulation and did retain jurisdiction to enforce the settlement agreement through contempt.

ii. If Plaintiffs believe the Municipalities are not in substantial compliance with any term of this Agreement, Plaintiffs may file a motion for appropriate relief with the Court. Prior to filing such a motion, Plaintiffs shall (1) notify the Municipalities in writing of any allegation of violations of this Agreement; and (2) provide the Municipalities with (30) thirty days to cure such violations.

iii. If the Municipalities fail to cure alleged violations within thirty (30) days, the Parties shall meet and confer in an attempt to resolve the alleged violations. The Municipalities shall make their counsel available for such a conference within ten (10) working days of

9

Plaintiffs' counsel's request. The Parties agree to use their reasonable best efforts that may be necessary or appropriate to resolve disputes.

iv.  If Plaintiffs file a motion for relief and demonstrate that the Municipalities have failed to substantially comply with one or more of the material terms of this Agreement, this Court may enforce compliance, including through the use of the Court's contempt authority.

v.  If Plaintiffs file a motion for relief and demonstrate that Defendants have failed to substantially comply with one or more of the material terms of this Agreement, Plaintiffs' counsel shall be entitled to an award of reasonable attorneys' fees and costs in addition to any relief the Court imposes.

### 4. Standing of Individual Plaintiffs

i.  The Parties further agree that this Agreement shall be enforceable by the named individual Plaintiffs as well as by the American Civil Liberties Union (ACLU) or the American Civil Liberties Union of South Carolina on behalf of indigent defendants charged in Beaufort or Bluffton municipal court with criminal, non-criminal traffic, or ordinance violations that carry the possibility of a Sentence of Incarceration as defined in this agreement during the time set forth above for the continuing jurisdiction of the Court to enforce this agreement.

### 5. Data Collection and Sharing

i.  Each month from the Effective Date until the end of this Agreement, for a period of four (4) years in total, the Municipalities shall provide Plaintiffs' counsel, in aggregate format, all Municipal Court and Public Defender Office records pertaining to the appointment and provision of indigent defense, including those as agreed to by the Parties and set forth in greater detail in Section X(5)(i) of the Settlement.

ii.  On the 15th day of every month Beaufort and Bluffton will provide to the ACLU their complete municipal court dockets for the prior month.

iii.  On the first Friday of each month from the Effective Date until the end of this Agreement, for a period of four (4) years in total, the Public Defender, pursuant to its contract with the Municipalities to provide indigent defense in Municipal Court, shall provide the ACLU with records pertaining to the appointment and provision of indigent defense, specifically those agreed to by the Parties and set forth in greater detail in Section X(5)(iii) of the Settlement.

vi.  The Parties shall work together to determine what data should be collected on an ongoing basis to assure compliance with the provisions of this agreement and to inform the monthly Reports.

### IX.    RELEASE OF CLAIMS

10

The Court hereby adopts the following provisions regarding Release of Claims as agreed to by the Parties and set forth in Section XI of the Settlement.

## X.     ADDITIONAL TERMS

The Court hereby incorporates the following provisions regarding Additional Terms as agreed to by the Parties and set forth in Section XII of the Settlement.

The foregoing be and the same is hereby APPROVED and ORDERED by the Court; and

IT IS FURTHER ORDERED that the Clerk of the Court shall administratively close this action.

Dated at Charleston, South Carolina, this ___ day of _____, 2019.

BY THE COURT:

Richard Gergel
U.S. District Judge

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TINA RENEE BAIREFOOT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BEAUFORT, SOUTH CAROLINA; <br><br> TOWN OF BLUFFTON, SOUTH CAROLINA, <br><br><br> Defendants. | Civil Action No. 9:17-2759-RMG |

**SETTLEMENT AGREEMENT**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 2

II. CONDITIONAL AGREEMENT ....................................................................... 3

III. DEFINITIONS ................................................................................................ 3

IV. MUTUAL RECOGNITION OF PRINCIPLES ............................................. 4

V. POLICIES AND PRACTICES ......................................................................... 4

VI. PUBLICATION AND DISSEMINATION OF PROCEDURES ................... 8

VII. TRAINING ..................................................................................................... 9

VIII. PUBLIC DEFENDER OFFICE FUNDING, CONTRACTING, AND
     SUPERVISION ............................................................................................. 10

IX. PAYMENTS, ATTORNEY FEES, COSTS ................................................. 10

X. TERM, EFFECT, MONITORING, COMPLIANCE, AND ENFORCEMENT ............. 10

XI. RELEASE OF CLAIMS ................................................................................ 13

XII. ADDITIONAL TERMS ................................................................................ 14

*EXHIBIT A: MODEL FINANCIAL STATUS AFFIDAVIT*............................17

*EXHIBIT B: EXPLANATION OF RIGHTS*....................................................21

*EXHIBIT C: MODEL EXPLANATION OF RIGHTS*.....................................23

*EXHIBIT D: WAIVER OF RIGHTS TO COUNSEL*......................................26

*EXHIBIT E: MODEL WAIVER OF RIGHT TO COUNSEL*..........................28

*EXHIBIT F: ABILITY TO PAY FORM*...........................................................32

The Parties have reached a settlement in this matter. This Settlement Agreement ("Settlement" or "Agreement") is made by and among Defendants City of Beaufort, South Carolina, Town of Bluffton, South Carolina, ("Municipalities"), and Plaintiffs Tina Renee Bairefoot, Dae'Quandrea Trevell Nelson, and Nathan Lee Fox (collectively, "Plaintiffs"). With the benefit of the Parties' agreement together with the record as a whole, the Parties now ask the Court to approve the Settlement as more fully detailed herein, incorporate the Parties' proposed settlement into a court order, and retain jurisdiction over this matter for purposes of enforcing this Agreement.

## I.    INTRODUCTION

1. Each of the named Plaintiffs allege that they were prosecuted, convicted and incarcerated in the Beaufort County Detention Center—Plaintiff Bairefoot for 16 days, Plaintiff Nelson for 14 days, and Plaintiff Fox for 39 days—without being provided court-appointed counsel as indigent people facing incarceration upon conviction of a crime and were not informed of their right to counsel prior to receiving a sentence of incarceration (the "Incidents").

2. Plaintiffs filed a Complaint on October 12, 2017 in the United States District Court for the District of South Carolina (the "Court"), commencing a proposed class action lawsuit entitled *Bairefoot v. City of Beaufort*, Case No. 9:17-2759-RMG (D.S.C.) (the "Lawsuit"), against the Municipalities, which sought declaratory and injunctive relief on behalf of the proposed Class and compensatory damages for the Plaintiffs, and alleges violations of several constitutional rights of the Plaintiffs and proposed Class members, including the right to counsel under the Sixth Amendment and the right to due process and equal protection of the law under the Fourteenth Amendment to the United States Constitution, as a result of alleged policies, practices, and customs of the Municipalities that Plaintiffs maintain exhibited deliberate indifference to the rights of Plaintiffs and proposed Class members and directly led to the unconstitutional sentences of incarceration imposed upon Plaintiffs and other proposed Class members.

3. On May 16, 2018, the Court denied the Municipalities' Motion to Dismiss Plaintiff's Complaint under F.R.C.P. 12(b)(6).

4. Following mediation before the Honorable Patrick Michael Duffy, the Parties hereby agree to resolve all Claims brought in and to settle the Lawsuit. Upon the Court's approval of this Settlement and entry of an Order retaining jurisdiction, the Lawsuit shall be dismissed with prejudice as to the Municipalities.

5. What follows is the Parties' agreement, in consideration of the promises and mutual covenants herein contained, and other good and valuable consideration passing between the Parties, and the Parties intend to be legally bound hereby.

6. This Agreement does not constitute an admission by Defendants of a violation of any federal, state, or local laws, or any admission of any wrongdoing whatsoever. It is further understood and agreed that this settlement is a compromise of a real or potential dispute and that the promises of Defendants are not to be construed as an admission of liability, but rather that liability is expressly denied.

2

## II.  CONDITIONAL AGREEMENT

1. This Agreement is subject to (1) entry of an order by the Court approving and incorporating the Agreement; and (2) passage of the date for appealing from the approval order or, if there is an appeal, the date of final resolution of the appeal (the "Effective Date"). On the Effective Date, the Claims of Plaintiffs and the proposed Class shall be settled and dismissed with prejudice. Any other individual claims of the named Plaintiffs that could have been brought in this Action shall also be settled and dismissed with prejudice on the Effective Date.

2. As soon as practicable after the execution of this Agreement, the Parties will ask the Court to dismiss all proceedings in the Action except those contemplated or required by this Agreement, including proceedings related to approval of the Settlement. In the event the Court does not approve the Agreement, the dismissal shall be vacated, and this Agreement shall be null and void and of no force or effect whatsoever.

## III.  DEFINITIONS

The Definitions set forth in this section and elsewhere shall apply only to this Agreement and shall not apply to any other agreement, nor shall the terms defined herein be used as evidence, except with respect to this Agreement, of the meaning of any of them.

1. "Indigent" means any person who is financially unable to employ counsel.

2. "Public Defender Office" means the entity that exists to provide representation to indigent defendants in the City of Beaufort and the Town of Bluffton.

3. "Public Defender" is any attorney from the Public Defender Office appointed to represent an indigent person in a Municipal Court case.

4. "Counsel" is any attorney appointed to represent an indigent person in a Municipal Court case.

5. "Municipal Courts" shall mean the municipal courts of the City of Beaufort and Town of Bluffton, South Carolina, and the employees in those courts, including judges and court clerks.

6. "Sentence of Incarceration" means any sentence that includes a deprivation of liberty, including a sentence of credit for time served or a sentence for any offense punishable by a fine or other court obligation should the Municipalities seek to preserve the ability to incarcerate for failure to comply.

7. "Fees" shall mean a monetary amount—including, but not limited to, costs, surcharges, assessments, user fees, warrant fees, and fees for applications for a Public Defender—that seek to recoup justice system expenses.

8. "Fine" shall mean a monetary amount imposed for punishment.

3

9. "Restitution" shall mean a monetary amount imposed to compensate a victim for loss, damage, or injury caused by an offense.

10. "Monetary Penalty" shall mean Fines, Fees, and/or Restitution.

11. "Ability to Pay" means an individual's current capacity to pay a monetary penalty without consideration of access to credit or potential gifts or contributions from others.

12. "Trial in Absentia" shall mean a trial (and accompanying sentence imposed, if any) conducted without the defendant's presence in Municipal Court.

13. "Warrant" shall mean any document authorizing law enforcement to arrest, detain, and/or secure an individual for a court appearance, including bench warrants.

14. "Claims" as to the Plaintiffs shall mean all claims for general, special, exemplary and punitive damages that were or could have been asserted based on the allegations in the Lawsuit.

15. "Claims" as to the Class shall mean those claims for injunctive and declaratory relief that were brought in the Lawsuit.

## IV.    MUTUAL RECOGNITION OF PRINCIPLES

1. The Municipalities and their agents and employees shall not deprive Indigent people facing prosecution in their Municipal Courts of the right to counsel. As such, no Indigent person shall be charged with criminal, non-criminal traffic, or ordinance violations that carry the possibility of a Sentence of Incarceration without being advised of their right to counsel and provided with such Counsel unless the individual defendant knowingly, voluntarily, and intelligently waives such right.

2. It is contrary to the principles of due process and equal treatment enshrined in the Constitution of South Carolina and the U.S. Constitution to deprive people of their constitutional rights simply because they are Indigent.

## V.    POLICIES AND PRACTICES

1. Within thirty (30) days of the Effective Date, the Municipalities agree to implement the following changes to the policies and practices in their Municipal Courts:

i. An Indigent person has a right to court-appointed representation by Counsel in all proceedings concerning criminal, non-criminal traffic, or ordinance violations that may be punishable by a Sentence of Incarceration, whether that incarceration is immediate, for time served, or suspended, and regardless of denomination as misdemeanors, municipal offenses, or traffic offenses, and regardless of whether a uniform traffic ticket or custodial arrest initiated the case.

4

ii. The Municipalities and their agents and employees, shall appoint Counsel to every Indigent defendant facing charges that carry the possibility of a Sentence of Incarceration. Counsel shall be appointed unless, upon being advised of the right to counsel, an Indigent defendant knowingly and intelligently waives such right. Indigent defendants are those that meet the requisite financial qualifications under South Carolina state law or court rules. The Municipalities shall ensure that any application Fee for Counsel is waived or reduced from the outset for Indigent defendants who cannot pay to apply for court appointed counsel. The Municipalities may use the Financial Status Affidavit attached as Exhibit A to determine whether a defendant is eligible for appointed counsel pursuant to S.C. Code § 17-3-30 and South Carolina Criminal Rule 602 (Defense of Indigents) unless or until a revised Financial Status Affidavit is adopted.

iii. The Municipalities shall enter into a contract with the Beaufort County Public Defender Office in the 14th Judicial Circuit to provide Indigent defense in their Municipal Courts. The Municipalities' contract with the Public Defender Office will ensure that Indigent defendants facing charges that carry the possibility of a Sentence of Incarceration in their Municipal Courts will have appointed Counsel present at every stage of the legal proceedings, including first appearance, motion hearings, trial, sentencing, show cause hearings and other post-sentencing proceedings. Where a conflict exists as to the Public Defender providing representation in a given case, the Municipalities shall appoint Counsel other than the Public Defender. This section adopts by incorporation the terms of the prospective "Tupper/Bush Orders" discussed further in Paragraph V(1)(xi).

iv. The Municipalities shall appropriate sufficient funding to engage the Public Defender Office for the delivery of legal services to Indigent defendants according to terms set forth in an annual contract between the Municipalities and the Public Defender Office, which shall include, among other things, costs related to representation, including an investigator, administrator, and funds to hire social workers and experts when appropriate (the "Public Defender Contract"). The terms of the Public Defender Contract shall ensure that no Public Defender is assigned more than 400 cases per calendar year. Traffic offenses shall not count towards the case limit unless a defendant faces the possibility of a Sentence of Incarceration. For purposes of tracking Public Defender caseloads, cases will be counted by case number, not by the number of charged offenses.

v. The Municipalities and the Public Defender Office will provide a draft of the annual Public Defender Contract to Plaintiffs for input for the duration of the Monitoring Period as defined herein in Section XI of this Agreement. Such terms shall include the process for appointment of Counsel for all Indigent defendants eligible for the appointment of Counsel.

vi. The Municipalities will provide written notice as well as oral advisement of the right to counsel to every person charged with an offense that carries with it the possibility of a Sentence of Incarceration. When each person charged with an offense that carries the possibility of a Sentence of Incarceration stands before the court when their case is called, whether at the initial appearance for defendants summoned to court or at the bond hearing for defendants detained upon arrest, the Municipalities, referencing the earlier advisement, will require the court to ask each defendant whether they want a lawyer. The Municipalities may

5

use either of the Advisement of Rights attached as Exhibit B and C unless or until the Office of Court Administration promulgates a revised Advisement of Rights.

vii. The Municipalities will ensure that when any individual who indicates a preference to proceed without Counsel at any proceeding at which Counsel is required, there is a determination on the record whether the waiver of the right to counsel has been made voluntarily, intelligently, and with full knowledge of the direct and collateral consequences. As part of the determination on the record, the Municipalities will ensure—through the issuance of a directive to its agents and employees—that when any individual who has indicated a preference to proceed without Counsel at any proceeding at which Counsel is required, a colloquy must be conducted with the defendant about the pending charge(s), maximum sentence(s), and potential collateral consequence(s) of a conviction. A defendant who waives their right to counsel upon advisement may assert their right to counsel at any subsequent point during the pendency of their case. The Municipalities may use either of the Waiver of Rights Forms attached as Exhibit D and E unless or until Office of Court Administration promulgates a revised Waiver of Rights.

viii. If and when there is a revised set of forms from the South Carolina Office of Court Administration regarding Advisement of Rights, Financial Status, Waiver of Rights, or Ability to Pay, the Municipalities shall use such forms and will incorporate such forms into the Tupper/Bush Orders. Until then, the Parties agree to use the Forms attached as Exhibits A-F.

ix. Trials in Absentia without Counsel are strongly disfavored by federal and South Carolina courts. Waiver of the right to counsel and the right to be present at trial requires adequate advisement and notice on the part of the court, and willful action on the part of the defendant. A defendant does not waive his or her right to counsel and right to be present at his or her trial, and therefore cannot be Tried in Absentia, simply due to a failure to appear absent additional advisement or notice by the Municipalities, including when the defendant has previously been present in court for appearances on the same matter. Each defendant must, at minimum, receive actual notice of the right to counsel and to be present in court when a trial date is set, including at a bond hearing, and must receive actual notice of future court appearances, including the trial date. If a defendant who received actual notice does not appear for trial, and the Municipal Court has determined that the defendant is not in custody, a warrant shall issue and, upon arrest or appearance, a bond hearing shall be conducted as soon as practicable and the individual's counsel shall be notified.[1] If the individual is Indigent and does not have Counsel and is facing charges that carry the possibility of a sentence of incarceration, the individual shall be advised of his or her right to counsel and, if the Indigent individual requests Counsel, Counsel shall be appointed. The Municipalities shall not conduct any trial or sentencing proceedings without the defendant in court when that defendant is facing charges that carry the possibility of a Sentence of Incarceration. If and when there is explicit guidance from the Chief Justice of the South Carolina Supreme Court and/or the

---

[1] For defendants who are in custody, the Municipal Court shall reschedule the court appearance and provide notice to the defendant in the facility in which the defendant is incarcerated.

Office of Court Administration regarding Trials in Absentia, the Municipalities will incorporate such guidance into this Agreement and conform their practices accordingly.

x.   For any Indigent defendant arrested and detained pretrial, Counsel shall be provided to them at the bond hearing or as soon as practicable after the bond hearing, and thereafter if the defendant remains detained. This section incorporates by reference the terms of the Municipalities' joint contract with the Public Defender Office, referenced above in Paragraph V(1)(iii) and (iv).

xi.   Pursuant to the written directives from Beaufort Presiding Judge Ralph E. Tupper and Bluffton Presiding Judge Clifford Bush III (hereinafter the "Tupper Order" and the "Bush Order," respectively) issued to all Municipal Court judges, and as the official policy for the Municipalities: for any Indigent defendant, whether in or out of custody, who may face the possibility of a Sentence of Incarceration, the Municipalities, and their agents and employees, shall (1) provide notice to the defendant at the initial appearance (if summoned to court) or at the bond hearing (if detained upon arrest) of the potential Sentence of Incarceration; (2) provide written as well as oral advisement to the defendant of their right to counsel (consistent with Paragraph V(1)(vi) of this Agreement); (3) upon request, provide the Indigent defendant with Counsel; (4) continue the defendant's case for 30 days to allow Counsel to begin representation of the defendant and (5) never impose a Sentence of Incarceration on any defendant at their first appearance. Only when the Municipal Court judge makes a finding on the record that a defendant will not receive a Sentence of Incarceration shall the Municipalities have the option of not appointing Counsel to an Indigent defendant.

xii.   At the time of imposition of any Monetary Penalty, a Municipal Court or its staff shall assess an individual's Ability to Pay any Fines, Fees, and Restitution imposed for an offense. Upon this assessment, if the Municipal Court or its staff determines that a defendant is unable to currently pay the Monetary Penalty, the court may either (1) consider alternatives to imposing the full Monetary Penalty, including a reduction in Fines or Fees, a waiver or suspension of Fines or Fees, community service, completion of a program (job skills, drug treatment, etc.), or any other disposition deemed just and appropriate in the discretion of the Municipal Court, pursuant to applicable law; (2) offer an extension of the amount of time to pay; or (3) offer an installment payment agreement, necessary and sufficient to fit the individual's financial circumstances. If a Municipal Court offers an extension or an installment payment agreement and, thereafter, upon assessment the court finds that the individual is still unable to pay the Monetary Penalty, the court shall, pursuant to applicable law, consider alternatives to imposing the full Fine, Fee, or Restitution, including a reduction in Fines or Fees, a waiver or suspension in Fines or Fees, community service, completion of a program (job skills, drug treatment, etc.), or any other disposition deemed just and appropriate, in the discretion of the Municipal Court. The Municipalities will use the Ability to Pay Form attached as Exhibit F unless or until Office of Court Administration promulgates a revised Ability to Pay form.

xiii.   The Municipalities will provide solicitors in Municipal Courts to prosecute charges that carry the possibility of a Sentence of Incarceration when requested by the Police Department.

xiv.  The Municipalities will submit a letter to Chief Justice Beatty of the South Carolina Supreme Court requesting that all municipalities in the State of South Carolina be given the authority to implement and oversee pretrial diversion programs through their municipal courts.

xv.  The Municipalities will ensure, through the issuance of a directive to its agents and employees, that at the bail hearing for every individual facing charges in Municipal Court, the presumption shall be release upon recognizance.

xvi.  The Parties agree to work with the Public Defender Office, Beaufort County Magistrate Courts and Beaufort County in the collective effort and goal to provide Counsel for Indigent defendants at their initial bond hearing as soon as this can be accomplished.

xvii.  The Municipalities will collect, document, and report to Plaintiffs data from their Municipal Courts specifically requested by Plaintiffs every month from the Effective Date of this Agreement until the end of this Agreement. The data will be provided to Plaintiffs in electronic format. See Section X(5) of this Agreement for a summary of the data to be collected, documented, and reported by the Municipalities to Plaintiffs.

xviii.  All Municipal Court proceedings shall be audio recorded. Municipal Courts shall ensure that advisement of the right to counsel, colloquies concerning waiver of the right to counsel, trials, and sentencings, are audio recorded and that records are retained for a minimum of three years from the date of the recording.

xix.  The Municipalities will invite the Town of Port Royal to become a party to the Public Defender Contract.

xx.  Upon the execution of this Agreement, the Municipalities shall release from the Beaufort County Detention Center any individual who is serving a Sentence of Incarceration imposed in the absence of counsel and valid waiver.

## VI.    PUBLICATION AND DISSEMINATION OF PROCEDURES

1.  Within thirty (30) days of the Effective Date, the Municipalities shall publish and disseminate all policies, procedures, and guidelines promulgated to effect this Agreement to all personnel involved in the appointment and provision of Indigent defense in their Municipal Courts, and the sentencing of Indigent defendants, including: Municipal Court judges; court clerks; solicitors/prosecutors; Public Defenders; other Counsel appointed to represent Indigent defendants in Municipal Court proceedings; and Beaufort County corrections officers and staff.

2.  The Municipalities shall make available to the public an easy-to-understand explanation of the individual rights and procedures concerning the provision of Indigent defense in their Municipal Courts. The explanation shall be written in easy-to-understand language and shall be provided to all defendants in Municipal Court and made available to members of the public who come to Municipal Court.

8

3. The Municipalities shall ensure that all Municipal Court web pages explain to the public, in accessible and easy-to-understand language, the individual rights and procedures concerning the provision of Indigent defense.

i. This shall include revisions to the following webpages and any new webpages that may be created during the period in which this Agreement is in effect:

    a) https://www.cityofbeaufort.org/218/Municipal-Court

    b) https://www.townofbluffton.sc.gov/municipal-court-department/home

    c) https://www.bcgov.net/departments/Public-Safety/detention-center/index.php

ii. The Municipalities shall revise the aforementioned web pages to include at least the following information using a format and language that is easily understood.

    a) A plain language description of the rights of defendants that relate to the right to counsel and the provision of Indigent defense:

        1. The right of Indigent people to representation by court-appointed Counsel, at no cost to defendant, when facing charges that carry the possibility of a Sentence of Incarceration.

    b) Notice of the procedure for requesting counsel and a continuance of a court date in order that Counsel be appointed.

    c) Rules and procedures of Municipal Courts relating to Indigent defense.

## VII.  TRAINING

1. **General.** The Municipalities and Plaintiffs will work together to ensure that Municipal Courts (Municipals and court clerks), all Public Defenders, police officers who appear in Municipal Court, and Beaufort County Detention Center employees who may process requests for counsel, shall participate in training on issues as set forth below, including by incorporating these issues into the trainings provided by the Office of Court Administration.

2. **Right to Counsel.** The Municipal Courts and their personnel, Public Defenders, and police officers who appear in Municipal Court, and Beaufort County Detention Center employees who may process requests for counsel, shall attend periodic trainings on issues related to the right to counsel. The first such training shall occur within two (2) months of the Effective Date. Thereafter, training shall be consistent with the training schedules of the Office of Court Administration, the Municipalities, and the Public Defender Office. Copies of all training materials shall be made available to all new Municipal Court judges within their first month of taking office and to all new Municipal Court, Public Defender Office, and Police Department personnel within their first month of employment. The trainings shall address at least the following topics:

    i.    Critical stages of proceedings requiring the appointment of counsel as set forth in: *Argersinger v. Hamlin*, 407 U.S. 25, 40 (1972); *Scott v. Illinois*, 440 U.S. 367, 373 (1979); *Alabama v. Shelton*, 535 U.S. 654, 674 (2002); and *Turner v. Rogers*, 564 U.S. 431, 441 (2011) (citing *United States v. Dixon*, 509 U.S. 688, 696 (1993), and *Cooke v. United States*, 267 U.S. 517, 537 (1925));

    ii.    The right of Indigent people to Counsel when facing incarceration (immediate, suspended, or time served);

    iii.    Standards and procedures for appointing Counsel to represent Indigent defendants, including reduction or waiver of any application Fee to enable defendants who cannot pay for counsel to apply for representation by court-appointed Counsel as early as possible in the case;

    iv.    Standards for evaluating the validity of a waiver of the right to counsel;

    v.    The procedures for promptly bringing an individual arrested on a Municipal Court failure-to-appear warrant promptly to the Municipal Court for a bond hearing; and

    vi.    The procedures for releasing an individual arrested on a Municipal Court failure-to-appear warrant on an appearance bond if the arrestee cannot be brought before the Municipal Court on the next business day or as soon as practicable.

## VIII.   PUBLIC DEFENDER OFFICE FUNDING, CONTRACTING, AND SUPERVISION

[*This section is included as a placeholder pending a final contract between the Municipalities and the Public Defender Office.*]

## IX.   PAYMENTS, ATTORNEY FEES, COSTS

1. In full and complete satisfaction, compromise, and settlement of the Plaintiffs' claims for damages, attorneys' fees and expenses, the Municipalities have agreed, in addition to promulgating the policies and procedures stated in this Agreement and attached as Exhibits "A-F", to pay a total sum of Two Hundred Fifty Thousand and no/100ths Dollars ($250,000.00) for all damages, attorneys' fees and expenses (the "Settlement Sum"). The Municipalities will deliver the Settlement Sum by one or more checks in the total amount of the Settlement Sum made payable to "The American Civil Liberties Union Foundation, Inc." Said checks will be delivered by overnight mail to Plaintiffs' attorney, Ezekiel R. Edwards, at the ACLU, 125 Broad Street, 18th Floor, New York, New York, 10004, within thirty (30) business days after the Effective Date of this Agreement.

2. The payment of the Settlement Sum is the entire and only monetary consideration for this Agreement. Each Municipality shall likewise be responsible for its own attorneys' fees and legal expenses in connection with the Incidents and the Lawsuit.

## X.   TERM, EFFECT, MONITORING, COMPLIANCE, AND ENFORCEMENT

1. **Duration of the Settlement**

Unless otherwise stated, the Municipalities shall comply with the terms of this Agreement for four (4) years following the Effective Date. The Lawsuit shall be considered closed on the Effective Date.

2. **Compliance**

   i. To achieve compliance with this Agreement, the Municipalities must demonstrate that they have:

      a) incorporated all substantive requirements of this Agreement into policy;

      b) appropriated sufficient funds to ensure that such requirements are met;

      c) Hired and trained relevant personnel as necessary to fulfill their responsibilities pursuant to the requirements.

3. **Enforcement**

   i. For a period of four (4) years following the Effective Date, the Court (with its approval) shall retain jurisdiction over the Lawsuit to enforce the terms of this Agreement and the Parties' obligations hereunder and to oversee all matters that relate to the performance of this Agreement. As such, the Parties shall be and remain subject to the jurisdiction of the Court for purposes of the enforcement of this Agreement and subject to the contempt powers of the Court in the event of a violation thereof, and in dismissing the suit, the Court approved this stipulation and did retain jurisdiction to enforce this Agreement through contempt.

   ii. If Plaintiffs believe the Municipalities are not in substantial compliance with any term of this Agreement, Plaintiffs may file a motion for appropriate relief with the Court. Prior to filing such a motion, Plaintiffs shall (1) notify the Municipalities in writing of any allegation of violations of this Agreement; and (2) provide the Municipalities with (30) thirty days to cure such violations.

   iii. If the Municipalities fail to cure alleged violations within thirty (30) days, the Parties shall meet and confer in an attempt to resolve the alleged violations. The Municipalities shall make their counsel available for such a conference within ten (10) business days of Plaintiffs' counsel's request. The Parties agree to use their reasonable best efforts that may be necessary or appropriate to resolve disputes.

   iv. If Plaintiffs file a motion for relief and demonstrate that the Municipalities have failed to substantially comply with one or more of the material terms of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs in addition to any relief the Court may impose.

4. **Standing of Individual Plaintiffs**

11

i.   The Parties further agree that this Agreement shall be enforceable by the named individual Plaintiffs as well as by the American Civil Liberties Union (ACLU) or the American Civil Liberties Union of South Carolina on behalf of indigent defendants charged in Beaufort or Bluffton municipal court with criminal, non-criminal traffic, or ordinance violations that carry the possibility of a Sentence of Incarceration as defined in this agreement during the time set forth above for the continuing jurisdiction of the Court to enforce this agreement.

5.  **Data Collection and Sharing**

i.   Each month from the Effective Date until the end of this Agreement, for a period of four (4) years in total, the Municipalities shall provide Plaintiffs' counsel, in aggregate format, all Municipal Court and Public Defender Office records pertaining to the appointment and provision of indigent defense, including:

> a)  Name of each defendant in Municipal Court (i.e., unique identifier);
>
> b)  All charges for a single defendant on the same date (i.e., unique identifier for each case);
>
> c)  Charge code;
>
> d)  Date of arrest/charge;
>
> e)  Whether or not the defendant requested Counsel, and whether or not such request was granted;
>
> f)  Disposition of every charge (including cases that were dismissed or that concluded "nolle prosequi");
>
> g)  For charges that result in conviction, the sentence imposed upon conviction (i.e., x days in jail, time served, fine, etc.); and
>
> h)  Total number of Municipal Court cases by month and annually, preferably by charge category (e.g., traffic, criminal, DUI, municipal ordinance, "failure to pay legal financial obligations").

ii.  By the 15th day of every month Beaufort and Bluffton will provide to the ACLU their complete municipal court dockets for the prior month.

iii. On the first Friday of each month from the Effective Date until the end of this Agreement, for a period of four (4) years in total, the Public Defender, pursuant to its contract with the Municipalities to provide indigent defense in Municipal Court, shall provide the ACLU with records pertaining to the appointment and provision of indigent defense, specifically:

> a)   Total number of Public Defender cases (i.e., caseload) for the preceding month; and

12

        b)   The number of closed cases from the preceding month which were tried, and whether trial was by jury or by a judge.

iv.  The Parties shall work together to determine what data should be collected on an ongoing basis to assure compliance with the provisions of this agreement and to inform the monthly Reports.

## XI.    RELEASE OF CLAIMS

1.  As of the Effective Date, the Plaintiffs release and forever discharge the Municipalities in relation to all Claims for monetary, injunctive and declaratory relief in connection with the Lawsuit.

2.  As of the later of either the Effective Date or the payments of the Settlement Funds and Attorneys' Fees and Costs, the Plaintiffs also release and forever discharge the Municipalities in relation to all Claims for general, special, exemplary, punitive damages, and attorneys' fees and costs that were or could have been asserted based on the allegations in the Lawsuit.

13

## XII.   ADDITIONAL TERMS

1.  The Parties further agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

2.  **Notice.** Any communications or notices to be provided to legal counsel for the Parties pursuant to this Agreement will be sent in writing via email or addressed, via commercial overnight delivery service, to the attention of the persons identified below (or as the signatories to this Agreement may subsequently direct in writing).

3.  **Execution.** This Agreement may be executed in duplicate counterparts, each of which will be deemed an original, with the same effect as if the signatures thereto were on the same instrument. Each signatory to the Agreement may execute this Agreement by telefax or email of a scanned copy of the signature page, which shall have the same force and effect as if executed on an original copy.

4.  **Amendment.** No amendments of this Agreement will be valid unless made in writing and signed by all of the signatories hereto.

5.  **State Law.** This Agreement shall be deemed to have been executed in, and shall be construed under, the laws of South Carolina.

6.  **Headings.** Any headings to articles, sections or paragraphs appearing herein are not part of the terms of this Agreement and shall not be interpreted as such.

7.  **Construction.** None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of construction that would or might cause any provision to be construed against the drafter.

8.  **Severability.** If any term or provision of this Agreement, or the application thereof to any person or circumstances, shall to any extent be invalid or unenforceable, the remainder of this Agreement or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or unenforceable shall not be affected thereby, and each term and provision of this Agreement shall be valid and enforced to the fullest extent permitted by law. Further, the Parties shall negotiate in good faith regarding amendments to this Agreement that would, to the maximum extent possible, effectuate the intent of any provision determined to be invalid or unenforceable.

9.  **Complete Agreement.** This Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and between the Parties, and this Agreement cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the Settlement of the Lawsuit.

14

THE PARTIES HEREBY AGREE TO THE ABOVE SETTLEMENT AGREEMENT BY THE
FOLLOWING SIGNATURES

Counsel:

*s/ Ezekiel R. Edwards*
EZEKIEL R. EDWARDS*
TWYLA CARTER*
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2610
Facsimile: (212) 549-2651
eedwards@aclu.org
tcarter@aclu.org

*s/ Susan K. Dunn*
SUSAN K. DUNN (Fed. Bar #647)
American Civil Liberties Union Foundation of South Carolina
P.O. Box 20998
Charleston, South Carolina 29413-0998
Telephone: (843) 282-7953
Facsimile: (843) 720-1428
Email: sdunn@aclusc.org

*s/ Stuart M. Andrews, Jr.*
STUART M. ANDREWS, JR. (Fed. Bar #1099)
B. RUSH SMITH, III (Fed. Bar #5031)
CAROLINE GIMENEZ  (Fed. Bar#12743)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070) Columbia, SC  29201
(803) 799-2000
stuart.andrews@nelsonmullins.com
rush.smith@nelsonmullins.com
caroline.gimenez@nelsonmullins.com

*s/ Kenneth P. Woodington*
KENNETH P. WOODINGTON, Fed. I.D. No. 4741
WILLIAM H. DAVIDSON, II, Fed. I.D. No. 425
DAVIDSON & LINDEMANN, P.A.
1611 DEVONSHIRE DRIVE, 2nd FLOOR
POST OFFICE BOX 8568  COLUMBIA, SOUTH CAROLINA 29202-8568
wdavidson@dml-law.com
kwoodington@dml-law.com

15

T: 803-806-8222
F: 803-806-8855

s/ *William Harvey*
WILLIAM HARVEY
Harvey & Battey
P.O. Drawer 1107
Beaufort, SC 29901
(843) 524-3109
T: (843) 379-3645
F: (843) 524-6973
bharvey@harveyandbattey.com
www.harveyandbattey.com

s/ *Terry Finger*
TERRY FINGER
Finger, Melnick & Brooks, P.A.
Post Office Box 24005
Hilton Head Island, South Carolina 29925-4005
T: (843) 681-7000
F: (843) 681-8802
tfinger@fingerlaw.com
www.fingerlaw.com

# EXHIBIT A

## FINANCIAL STATUS AFFIDAVIT

State of South Carolina

v.                                                              Case No. _____

_____
Defendant

This form asks for information about your finances and will be used by the judge who sets your bail. It cannot be used against you as evidence in your criminal case (i.e., if you are unemployed or have no income, it cannot be used to show a "motive" to commit a crime). However, if you lie, it is possible that you could be charged with perjury.

Please check one of the following boxes:

☐ I can read and understand English, and I have read and can understand each question and instruction on this form, OR

☐ An interpreter read every question on this form to me, my answer to every question was given in _____. a language I am fluent in, and I understood each question and instruction on this form, OR

☐ I did not understand each question or instruction on this form, because: _____

_____.

### SECTION I. – IDENTIFICATION

| Name – Last, First, Middle | | Date of Birth | | | |
|---|---|---|---|---|---|
| Home Address | | City | | State | Zip |
| Telephone Number | | | | | |
| Number of People in Household | Employer (If any) | | | Occupation | |

### SECTION II. – ASSISTANCE BENEFITS

Do you or anyone in your household receive any public assistance benefits (like disability, food stamps, housing vouchers)?  ☐ Yes   ☐ No

### SECTION III. – EMPLOYMENT

I am   [ ] currently employed as a _____ earning $_____ hour.
[ ] currently unemployed; last worked as a _____ in _____ (month and year).

*(continued on next page)*

18

**SECTION IV. – INCOME/EXPENSE STATEMENT**

| MONTHLY GROSS INCOME | AMOUNT |
|---|---|
| Monthly Gross Income (before taxes) | $ |
| Spouse's Monthly Gross Income | $ |
| Other Earnings (Bonuses, Interest, etc.) | $ |
| Unemployment, Workers' Comp, Social Security, Retirement | $ |
| Other Income | $ |
| TOTAL MONTHLY INCOME | $ |

MONTHLY INCOME:            $_____
MONTHLY EXPENSES:         $_____
MONTHLY DISPOSABLE INCOME $_____

MONTHLY DISCRETIONARY INCOME
(10% of Disposable Income)     $_____

| MONTHLY EXPENSES | AMOUNT |
|---|---|
| Living Expenses | $ |
| Rent/Mortgage | $ |
| Total Utilities (gas, electric, water, etc.) | $ |
| Food | $ |
| Clothing | $ |
| Health Care / Medical/ Dental | $ |
| Loan Payments | $ |
| Credit Card Payments | $ |
| Educational / Employment Expenses | $ |
| Transportation (car, insurance, gas, etc.) | $ |
| Child Care/ Child Support / Alimony | $ |
| Occasional Expenses (taxes, etc.) | $ |
| Fines, fees, restitution in other cases | $ |
| Other | $ |
| TOTAL MONTHLY EXPENSES | $ |

**SECTION IV. – LIQUID ASSETS**

| LIQUID ASSETS | AMOUNT | DEBT | AMOUNT |
|---|---|---|---|
| Cash on Hand / Bank (or available stocks, bonds, etc.) | $ | Outstanding Credit Card Debt | $ |
| Equity in Real Estate (value of property less what you owe) | $ | Outstanding Mortgage | $ |
| Equity in Personal Property (such as value of motor vehicles, stereo, furniture, jewelry, etc.) | $ | Outstanding Student Loans | $ |
| Other | $ | Outstanding Car Loan | $ |
| Do you own anything else of value? | $ | Other | $ |
| TOTAL LIQUID ASSETS | $ | TOTAL OUTSTANDING DEBTS | $ |

**Section V. – AFFIDAVIT**

I verify under penalty of perjury that the statements made in this affidavit are true and correct.

→ _____          _____
   *Your Signature*                              *Date*

20

# EXHIBIT B

## INFORMATION REGARDING YOUR RIGHTS

You have been charged with a criminal offense and if you are found guilty, you are facing serious consequences which may include payment of a fine, loss of your driver's license, and the possibility of a jail sentence. In addition, you may face increased penalties for later convictions, the loss of your right to possess firearms and/or ammunition, and your immigration status will be affected. You have important constitutional rights, including the right to representation by an attorney, but you may lose these rights or waive them if you do not act to protect these rights.

You have the right to hire an attorney to represent you in every case. If you cannot afford an attorney, you may be eligible for a free attorney. If you want a determination made as to whether you are qualified for a free lawyer, then it is your obligation to be screened at the location identified in Paragraph 5(c) of the Bond Checklist Form that you received after your Bond Hearing. If you do not hire an attorney or go to be screened, then you may be found to have waived your right to an attorney at your trial.

You also have the right to represent yourself. However, you should be aware that self-representation can be dangerous. For example, there may be certain factual or legal defenses to your charge that you are not aware of or legal issues related to the conduct of your trial or guilty plea that an attorney would know how to preserve for an appeal. If you exercise your right to proceed without a lawyer, then you are responsible for complying with all applicable rules of court, including rules of evidence, procedural rules, and proper behavior before the Judge and/or Jury.

If convicted on the charge(s) filed against you and ordered to pay a fine, you may request a reasonable scheduled payment plan to pay the fine.

It is your obligation to keep up with your trial date and to obtain an attorney, either by hiring one or by being screened and found eligible for a court-appointed attorney prior to your trial date. If you do not appear at your trial with your attorney, you may be deemed to have waived your right to have an attorney represent you.

You are required to keep the court notified of any change of address until the completion of the case.

Signature of Defendant _____

☐ Defendant Refused to Sign

# EXHIBIT C

## STATEMENT OF DEFENDANT'S RIGHTS AT FIRST APPEARANCE (BAIL PROCEEDING OR FIRST COURT APPEARANCE)

You are charged with a criminal offense(s) set forth in the complaint. You have the following legal rights:

1. You are presumed innocent of any charge unless and until the charge is proven beyond a reasonable doubt.

2. The first right you have when you are charged with a crime is the right to a lawyer. You have the right to be represented by a lawyer of your own choosing at all stages of the criminal proceedings, including first appearance, all hearings, and trial. If, after you are screened, it is determined that you cannot afford an attorney, one will be appointed for you. If you do not have an attorney at first appearance, you do not waive your right to an attorney at any later hearing. You do not have to handle this case by yourself and you should not feel pressured to handle the case yourself if you want a lawyer to help you. A lawyer can go over the evidence against you, listen to your side of the story, and then help you decide which options may be best for you. A lawyer may be able to tell you whether you have a defense to the crime or whether you should have been charged with a less serious offense to begin with. If you want to try to settle your case, a lawyer may be better skilled at negotiating with the prosecutor than you on your own. Also, a lawyer may help you understand other consequences of a conviction, such as problems in areas of immigration or eligibility for public benefits like housing or student loans. If you do not have a lawyer, no one else in the court system has the job of helping you with these matters or acting only in your interest.

3. There is a $40 application fee to have a lawyer appointed to you. This fee may be waived or reduced if you cannot afford to pay it. If you cannot afford to pay it, the Court shall waive the fee or reduce the fee to an amount you are able to pay pursuant to S.C. Code § 17-3-30.

4. You have the right to a speedy trial. This protects you from unnecessary or unreasonable delays. If you feel that your right to a speedy trial has been violated, you or your attorney may bring a motion before the court asking for dismissal of the charges. The court will review the motion and make a decision.

5. You have a constitutional right to a jury trial unless you specifically give up that right by signing a jury trial waiver.

6. You have the right to see, hear and question all witnesses who testify against you.

7. You have the right to call witnesses on your behalf. You may have the Court subpoena witnesses to appear and testify at no prior expense to you.

8. You have the right to testify on your own behalf. You also have the right to remain silent and not give testimony or present any evidence in your defense. Your silence cannot be used against you.

9. If you feel you cannot have a fair trial because of the bias or prejudice of a particular judge, you have the right to ask for a different judge.

10.    If you plead guilty, you give up or waive all of the rights listed above except the right of representation by an attorney.

11.    You have the right to appeal any judgment entered by this Court. To begin the appeal you must file a written Notice of Appeal in this Court within 30 days of the judgment.

12.    If you are not a United States citizen, a guilty finding to an offense punishable as a crime under state law may be grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

13.    If you are not a United States citizen, you have the right to speak to someone from the Consulate of the nation where you are a citizen before being arraigned on any criminal offense.

14.    If you are not a United States citizen, and are being held in jail, you have the right to request the prosecuting attorney notify the Consulate from the nation where you are a citizen that you are in jail.

I have read the above rights and understand them.

_____          _____
Defendant's Signature                                                    Date

# EXHIBIT D

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE SUMMARY COURT** |
| ) | |
| **City Of BLUFFTON** ) | **WAIVER OF RIGHT TO COUNSEL** |
| ) | |
| **STATE OF SOUTH CAROLINA** ) | **TICKET #(s):** |
| ) | |
| **VS** ) | **OFFENSE(s):** |
| ) | |
| ) | **DATE OF VIOLATION:** |

MAXIMUM POSSIBLE INCARCERATION TIME (JAIL TIME): _____

I understand that I have been charged with the above offense and that:

1.     I have a right to counsel at Pretrial Hearings, Trials, Show Cause Hearings or Conditional Sentencing Hearings, Contempt Hearings, or any other proceedings in this case.

2.     If I cannot afford counsel, one will be appointed for me upon request by me at this time and upon determination that I am unable to pay for counsel.

3.     A conviction for this charge may result in imprisonment.

4.     If I try this case without counsel, I will be expected to comply with Rules of Court which will be made available to me upon request.

5.     I have been explained the nature of the charges against me.

6.     I am knowingly, that is consciously and intentionally, waiving my right to counsel.

7.     I do so intelligently, that is with an understanding of the above, and have had all of the questions that I have asked, answered to my satisfaction.

8.     I do so voluntarily, that is by intention and not accidentally or under any pressure or duress.

9.     I have had ample time to consider this and need no further time or information to make this statement.

10.     I am not under the influence of alcohol, other intoxicants or medicines which would in anyway affect my ability to understand what I am doing at this time.

11.     I understand that this waiver extends to any further Hearings in this matter and until such time as it is revoked in writing to the Judge then handling the matter.

12.     I have read and understand all of the above, and if I cannot read I have had this read to me to my satisfaction.

Signed: _____    Witness: _____

CERTIFICATION OF JUDGE:
I hereby certify that the above-named Defendant has been fully informed of the above, including his right to appointed counsel, that he has elected to proceed without counsel, and that he has validly executed the above waiver in this matter.

This _____ day of _____, 20____.    Judge: _____

**DO NOT SIGN THIS FORM IF YOU ARE GOING TO APPLYING FOR A PUBLIC DEFENDER OR HAVE INDEPENDENT COUNSEL REPRESENT YOU.**

MC27

# EXHIBIT E

## MUNICIPAL COURT
## WAIVER OF THE RIGHT TO COUNSEL

Any waiver of the right to counsel must be made voluntarily, intelligently, and with full knowledge of the consequences. *See* S.C. Code § 17-3-10. If a defendant chooses to proceed without counsel at any proceeding at which counsel is required (*see* Section § II.A-C above)—City of Beaufort and Town of Bluffton, and Municipal Court judges, shall ensure that, before proceeding with the hearing, there is a determination on the record whether the waiver of counsel is made voluntarily, intelligently, and with full knowledge of the consequences. A thorough colloquy shall be conducted with the defendant their counsel about the pending charge(s), maximum sentence(s), and potential collateral consequence(s).

Advisement[1]:

A lawyer is available free of charge to assist you. I must advise you that in my opinion, a trained lawyer would defend you far better than you could defend yourself. I think it is unwise of you to try to represent yourself. I will now ask you some questions to determine whether you understand what might happen if you represent yourself.

1. Have you ever studied law?

2. Have you ever represented yourself in an action concerning a criminal/non-criminal traffic/ordinance violation [*choose appropriate category*]?

3. Do you understand that you are charged with these crimes/non-criminal traffic offenses/ordinance violations: [*state the crimes, traffic offense, and ordinance violations with which the defendant is charged*]?

4. What offenses are you charged with?

   > [*Please elicit the defendant's response. If the defendant cannot identify each specific charge against the defendant, walk through the following, additional questions:*]

   > Do you understand that you are charged with these crimes/traffic offenses/ordinance violations: [*state the crimes, traffic offense, and ordinance violations with which the defendant is charged*]?

5. What is the maximum sentence if you are found guilty of the violation of [*state first charge against the defendant*]?

   > [*If there are additional charges, proceed with each charge separately.*]

---

[1] *See* Benchbook for U.S. District Court Judges (March 2013).

29

6. *[If the defendant did not accurately state the maximum sentence under law for each of the offenses charged, proceed to question #6.]*

> Do you understand that if you are found guilty of the violation of *[state the crimes, traffic offenses, ordinance violations with which the defendant is charged]*, the Court must impose a *[identify any mandatory fees, costs, surcharges, and assessments]* and could sentence you to as many as _____ days/years in jail, order you to pay fines and fees up to $_____, and direct you to pay restitution?

> > *[Ask the defendant a similar question for each crime, traffic offense, and ordinance violation charged on the ticket or other charging document.]*

7. Do you understand that if you are found guilty of more than one of these violations, this court can order that the sentences be served consecutively, that is, one after another?

8. Do you understand that if you are found guilty of one or more of these violations, you can face additional consequences on your housing, employment, education, and parental rights?

9. Do you know if you are not a citizen of the United States, this conviction can cause you to be detained, deported or excluded from the United States, or denied naturalization or other immigration benefits, depending on the specific facts and circumstances of your case?

10. Do you understand that if you represent yourself, you are on your own? I cannot tell you or even advise you how you should proceed in your case.

11. Are you familiar with the South Carolina Rules of Evidence[2]?

12. Do you understand that the South Carolina Rules of Evidence govern what evidence may or may not be introduced at trial, that in representing yourself, you must abide by those very technical rules, and that they will not be relaxed for your benefit?

13. Are you familiar with the South Carolina Criminal Rules[3]?

---

[2] South Carolina Rules of Evidence, https://www.sccourts.org/courtReg/indexEvd.cfm.
[3] South Carolina Criminal Rules, https://www.sccourts.org/whatsnew/SouthCarolinaCriminalRulesWithRule106Change.pdf Rule 100 ("These rules govern the procedure in all actions preliminary to, during, or subsequent to proceedings in the Court of General Sessions. They shall also apply insofar as practicable in summary and family courts to the extent they are not inconsistent with the statutes and rules governing those courts. In any case where no provision is made by statute or these rules, the procedure shall be according to the practice as it has heretofore existed in the courts of this State.").

14. Do you understand that the South Carolina Criminal Rules govern the way your case is tried in municipal court, that you are bound by those rules, and that they will not be relaxed for your benefit?

> [*Then say to the defendant something to this effect:*]

15. I must advise you that in my opinion, a trained lawyer would defend you far better than you could defend yourself. I think it is unwise of you to try to represent yourself. You are not familiar with the law. You are not familiar with court procedure. You are not familiar with the rules of evidence in this court. I strongly urge you not to try to represent yourself.

16. Given everything that we've just talked about, do you have any questions?

17. Given everything that we've talked about, including all of the difficulties of representing yourself, do you still want to represent yourself?

18. Do you make this decision with full knowledge of the consequences?

19. Is your decision entirely voluntary?

20. Are you making this decision intelligently?

> [*If the answers to three preceding questions are yes, and credible, say something to the following effect:*]

21. I find that the defendant has knowingly, voluntarily, and intelligently waived the right to counsel. I will therefore permit the defendant to represent [himself/herself/themselves].

22. I am advising you that you can also change your mind about representing yourself at any point in this case and a lawyer will be appointed to represent you.

# EXHIBIT F

## ABILITY-TO-PAY DETERMINATION SHEET

Name:_____

Attorney's Name:_____

Case Number: _____

Address: _____

City: _____ State:_____ Zip:_____

Total Amount of Bail Imposed (if any): $_____

1. The Public Defender □ was or □ was NOT appointed to represent the defendant.
   *If not, explain whether defendant requested counsel and whether instructions as to how to apply were given. If this is a subsequent bail review hearing if counsel was not appointed for review purposes, the defendant must be released on recognizance.*

   _____

   _____

2. Public Defender's Name (if appointed/appeared)_____

3. The defendant □ did or □ did NOT execute a Financial Status Affidavit.

   **If the Defendant answers affirmatively to categories #4-8, they are currently unable to pay any amount.**

4. The defendant □ does or □ does NOT have a mental disability.

5. The defendant □ has been or □ has NOT been homeless during the previous six months.

6. The defendant □ is or □ is NOT presently or recently incarcerated.

7. The defendant's annual income □ is or □ is NOT below 125% of the relevant Federal Poverty Guideline for the individual's household size.

> For 2019, 125% of FPG is:
> $15,600 for an individual
> $21,130 for a family of 2
> $26,660 for a family of 3
> $32,190 for a family of 4
> $37,720 for a family of 5
> $43,250 for a family of 6
> $48,780 for a family of 7
> $54,310 for a family of 8

8. The defendant □ does or □ does NOT receive Temporary Assistance to Needy Families, Supplemental Security Income, Social Security Disability Insurance, or Veteran's Disability benefits.

   **Assess hardship by consulting the Financial Status Affidavit and inquiring about the following:**

9. The defendant □ does or □ does NOT receive any other type of state or federal assistance?

10. Does the defendant face limitations on the ability to earn money due to:
    □ Lack of access to transportation, driver's license suspension, etc.
    □ Disability
    □ Child care responsibilities
    □ Health condition
    □ Other relevant factors_____

11. The defendant □ has □ does NOT have child support obligations.

12. The defendant □ does or □ does NOT owe fines, fees, or restitution to other courts.

33

**Questions to make sure to ask:**

1. How much money do you have after paying all of your bills?
2. How many people do you support in addition to yourself?
3. Are you able to pay the preset bail amount?
   *If defendant responds "yes," ask*: **Are you certain you can pay?**
4. If ordered to pay, what would be the impact on you? Your family?
5. Is there anything else that the Court should know about your ability to pay?

The Court determines that the defendant □ is able to pay or □ is NOT able to pay. (Explain)

_____

_____

The Court determines that the defendant □ has or □ has NOT made sufficient bona fide efforts to secure the resources to pay or earn other credit prior to this hearing. (Explain)

_____

_____

**The Court orders:**
□ Release on recognizance without conditions
□ Release without bond requirement, with the following conditions:

_____

   Reason for ordering these conditions: _____

_____

□ Bond amount without other conditions: _____ secured / unsecured (circle one)

□ Bond amount _____ secured / unsecured (circle one) with other conditions:

_____

   Reason for ordering these conditions: _____

□ Any other release condition deemed just and appropriate pursuant to applicable law. (Explain)

_____

_____